# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 157

State of North Dakota,                                Plaintiff and Appellee

     v.

Nyynkpao Banyee,                                Defendant and Appellant

## No. 20180251

Nyynkpao Banyee,                                Petitioner and Appellant

     v.

State of North Dakota,                                Respondent and Appellee

## No. 20190281

Appeals from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Per Curiam.

Reid A. Brady, Assistant State's Attorney, Fargo, N.D., for appellee.

Samuel A. Gereszek, Grand Forks, N.D., for appellant.

**Per Curiam.**

[¶1]   In these consolidated cases, Nyynkpao Banyee appeals from a criminal judgment finding him guilty of robbery and a judgment denying Banyee's application for postconviction relief arising from the criminal judgment. On direct appeal, Banyee argues that the evidence was not sufficient to support the conviction and also that the district court erred in admitting two photographs of the iPad that was taken during the robbery. Banyee's trial attorney objected when the photographs were offered: "[I]t's not the best evidence. It's not the iPad but it is photographs; it has been identified. We would object."

[¶2]   Rule 1002, N.D.R.Ev., often referred to as the best evidence rule, requires an original writing, recording, or photograph to prove its content. It does not preclude the court from receiving as evidence a photo of an item alleged to have been stolen. We summarily affirm the criminal judgment under N.D.R.App.P. 35.1(a)(2) and (4), concluding the evidence was sufficient to support the criminal judgment and the district court did not abuse its discretion in admitting the photographs of the iPad. We also summarily affirm the judgment denying Banyee's application for postconviction relief under N.D.R.App.P. 35.1(a)(2), concluding the district court's finding that Banyee's trial counsel provided effective representation is not clearly erroneous.

[¶3]   Jon J. Jensen, C.J.
Jerod E. Tufte
Lisa Fair McEvers
Gerald W. VandeWalle
Daniel J. Crothers